FOSTER & GLASSELL, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9232.   Decided October 20, 1926.

The March 1, 1913, fair market value of property determined.

*Pike Hall, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the respondent.

Proceeding for the redetermination of a deficiency in income and profits tax for the fiscal year ended February 29, 1920, in the amount of $2,985.01, of which only $2,934.17 is in controversy. The only point in issue is the March 1, 1913, fair market value of property sold on May 9, 1919.

### FINDINGS OF FACT.

The petitioner is a Louisiana corporation with its place of business at Shreveport. On May 9, 1919, it sold lots 9 to 15, inclusive, in the Batture section of Shreveport, with improvements thereon, for $42,000. These lots were acquired by the petitioner in 1901 at a cost of $10,500 and improvements consisting of a warehouse building were placed thereon in 1906. The book balance as shown by the petitioner's books of its property on March 1, 1913, was $39,900.59. The petitioner claimed that it realized a taxable profit of $229.17 on the sale of its property in 1919, as follows:

| | |
|---|---:|
| Fair market value, March 1, 1913 | $42,000.00 |
| Cost of additions December, 1915 | 3,106.47 |
| | 45,106.47 |
| Less depreciation *sustained* March 1, 1913, to May 6, 1919 (2½ per cent on improvements) | 4,335.64 |
| Depreciated value date of sale | 41,770.83 |
| Sale price | 42,000.00 |
| Taxable net income reported | 229.17 |

The Commissioner, in the audit of the petitioner's return for the fiscal year ended February 29, 1920, has computed the taxable profit upon this transaction as follows:

| | |
|---|---:|
| Cost, March 1, 1913, book balance | $39,900.59 |
| Additions, December, 1915, cost | 3,106.47 |
| Total cost to May 6, 1919 | 43,007.06 |
| Less depreciation from 1906 (when acquired, corporation organized 1906) to May 6, 1919, as computed by Revenue Agent Landwehr, in his invested capital computation, report dated April 23, 1920 | 8,074.87 |
| | 34,932.19 |
| Sale price | 42,000.00 |
| Taxable profit | 7,067.81 |
| Previously reported on return filed | 229.17 |
| Increase in taxable net income, Commissioner's deficiency letter | 6,838.64 |

The deficiency appealed from in this proceeding arises from the addition to gross income of the above amount of $6,838.64.

The petitioner based its 1913 value of $42,000 upon a comparison made by it of a sale on January 1, 1913, of a warehouse building

located in the next block, at a price of $20,000. The property referred to was located on Commerce Street, in Shreveport, which is the principal street in the wholesale district. It is also nearer Texas Street, which is the principal retail business street of the city, than the property owned by the petitioner. It had a frontage of 80 feet on Commerce Street. The petitioner's property had a frontage of 175 feet on Bossier Street, which street runs at an angle from Commerce Street. The Commerce Street property was served by the Kansas City Southern Railway only. The petitioner's property was served by switching facilities of the Kansas City Railway Co., the St. Louis & Southwestern Railway Co., and the Texas & Pacific Railway Co., competing lines. The fair market price or value of the petitioner's property on March 1, 1913, was $24,500 for the land and $17,500 for the building—total $42,000.

OPINION.

SMITH: The petitioner claims that the fair market value on March 1, 1913, of the property sold in 1919 was $42,000. It originally based such claim upon a comparison of a warehouse property in an adjoining block which was sold on January 1, 1912, for $20,000. At the hearing it presented the testimony of two real estate men from Shreveport qualified to give expert opinions as to the value of the property in question. They have testified that in their opinion the fair market price or value on March 1, 1913, was at least $42,000. One witness testified that the value of the land was about $150 per front foot and that the value of the building was approximately $18,000, making a total fair market value on March 1, 1913, of between $42,000 and $44,000. The other witness testified that in his opinion the petitioner's property had a value at the basic date of $140 per front foot for the land and $17,500 for the building. The Commissioner has made his computation of value solely upon the basis of the petitioner's books of account.

We are of the opinion that the petitioner's books of account, in the circumstances in this case, are not evidence of the fair market price or value of the property on March 1, 1913. The only evidence before us as to the fair market price or value of the property at the basic date is the testimony of the expert witnesses, and their unchallenged testimony is to the effect that the value was at least $42,000. Depreciation was sustained on the building, which had a value on March 1, 1913, of $17,500, at 2½ per cent per annum from March 1, 1913, to the date of sale.

*Judgment will be entered on 15 days' notice, under Rule 50.*